Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIANA FESKO, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| vs. | 1. SEX/GENDER DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 |
| STATION CASINOS LLC, a Nevada Limited Liability Company; FP HOLDINGS, LP, a Nevada Limited Partnership dba PALMS CASINO RESORT; and RED ROCK RESORTS, INC. a Delaware Corporation, | 2. AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 |
| Defendants. | JURY DEMAND |

Plaintiff DIANA FESKO ("Plaintiff" or "Fesko") alleges as follows:

1.     This action is brought pursuant to the provisions of the Title VII of the Civil Rights Act of 1964, *42 USC §2000e*, et seq. (hereinafter "Title VII") and the Age Discrimination in Employment Act of 1967, as amended, *29 USC §621, et seq.* (hereinafter "ADEA") to obtain relief for Plaintiff for discriminating against her in the terms conditions or privileges of

1

employment and terminating her on the basis of her sex/gender and/or her age.

2. At all relevant times, Defendants STATION CASINOS LLC, a Nevada Limited Liability Company; FP HOLDINGS, LP, a Nevada Limited Partnership dba PALMS CASINO RESORT; and RED ROCK RESORTS, INC. a Delaware Corporation (hereinafter "Defendants", "Stations", "Palms" or "Red Rock") employed more than twenty (20) employees, and they are therefore subject to the provisions of Title VII and the ADEA.

3. Jurisdiction is predicated on the Title VII and the ADEA code sections referenced above as well as *28 USC §1331*, as this action involves a federal question.

4. The events or omissions giving rise to Plaintiffs' claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

5. At all relevant times herein Plaintiff Fesko, was a citizen of the United States and resident of the State of Nevada, County of Clark and City of Las Vegas.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendants.

7. At all material times mentioned herein, Defendants are employers within the meaning of *42 USC §2000e(b) and 29 USC §§623 and 630(b)*.

## EXHAUSTION OF REMEDIES

8. Plaintiff timely filed a "Charge of Discrimination" with the Nevada Equal Rights Commission ('NERC") and Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on September 15, 2020, a copy of which is attached to Complaint as Exhibit "A".

## STATEMENT OF FACTS

9. Fesko started her career at the Palms on November 1, 2001. Plaintiff's first position was a Floor Supervisor. She worked her way up to a Pit Manager in 2003 and then

became an Assistant Table Games Shift Manager in 2012.

10. In 2013 Fesko became a Table Games Shift Manager. Plaintiff worked very hard over the years to move up in management and ultimately obtain the position of Table Games Shift Manager. In October of 2016 the Palms was taken over by Station Casinos. They kept the Palms employees and let them keep their seniority including vacation time for the amount of years they had worked for the Palms.

11. On February 9, 2020 Fesko was called into the office of Dustin Boshers, Director of Casino Operations, to sign a 2-year no compete contract. They offered Plaintiff a $6,600 raise to sign the contract, which brought her salary to $99,603. Although Fesko signed the contract she was never given a signed copy it.

12. On March 18, 2020 all casinos in Nevada were shut down due to Covid-19. Although Plaintiff went to work on a few occasions after that and all the managers in the table games department had weekly meetings via Webex, on May 1, 2020 Plaintiff was contacted by the Boshers and told that she was being terminated, effective on May 15, 2020, because her position as Table Games Shift Manager was being eliminated.

13. At the time of Fesko's termination there were three shift managers and three assistant shift managers. The three shift managers consisted of Plaintiff, Rick Friend (male, approximately 60) and Ernest Glave (male, approximately early 40s). The three assistant shift managers were Michael Kunkel (male, approximately late 30s), Chun Chin (Victor) Lin (male, approximately late 20s to early 30s) and Jeff Dwyer (male, approximately late 40s).

14. Friend, Glave and Lin had transferred from other Station properties while Plaintiff, Kunkel and Dwyer were employees of the original Palms owned by the Maloofs. Fesko believes she had the most experience and seniority of all of the shift managers and assistant shift managers at the Palms with the possible exception of Friend.

15. After Plaintiff received her notice of termination she contacted her assistant shift manager Kunkel only to find out that he had not been terminated and that he was going to be

transferred to Red Rock Casino as an assistant shift manager there when it reopened.

16. Another week or so had gone by and Fesko started hearing from other employees that worked at the Palms. It turns out that Glave and Friend had also been transferred to the Red Rock Casino as shift managers. Further Plaintiff found out that Lin was transferred to Palace Station and was given a promotion to a shift manager.

17. Plaintiff also discovered that DeAndre Murphy (male, approximately late 40s) who was hired as a Floor Supervisor with Fesko when the Palms opened and was a dual rate Floor Supervisor/Assistant Shift Manager at the Palms when it closed was transferred to the Red Rock Casino as an assistant shift manager when it reopened.

18. The only other shift manager or assistant shift manager that was terminated effective on May 15, 2020, besides Plaintiff, was Dwyer. Although Dwyer was a long time employee of the Palms he was known for making mistakes and not performing his job satisfactory.

19. Fesko on the other hand had an outstanding employment history with no disciplinary actions, was dedicated to her job and had a great attendance record and was willing to come in on her off days when needed. Further she had great rapport with her superiors and subordinates.

20. After being terminated from the Palms, Plaintiff tried to look for a job in Las Vegas but because the Covid pandemic made finding a similar job to the one she had at the Palms almost impossible, Fesko was forced to move back to Michigan to stay with family.

## FIRST CAUSE OF ACTION

### (For Sex/Gender Discrimination in Violation

### of Title VII of the Civil Rights Act of 1964)

21. Plaintiff Fesko incorporates the allegation set forth in paragraphs 1 through 20, inclusive, as if fully set forth herein.

22. This cause of action is brought pursuant to Title VII to obtain relief for Plaintiff for discriminating against her in the terms, conditions or privileges of her employment because of her

sex/gender (female) in violation of Title VII.

23. As set forth above, all of the shift managers and assistant shift managers that were males, with the exception of Dwyer who was not performing his job satisfactory, were transferred to other properties within Stations.

24. As further set forth above, Fesko had an outstanding employment history with no disciplinary actions and had the most experience and seniority of all of the shift managers and assistant shift managers at the Palms with the possible exception of Friend, leading to the reasonable inference that the reason she was not transferred to another Stations property was because of her sex/gender (female).

25. As a direct, foreseeable, and legal result of this discrimination because of her sex/gender, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

26. As a further direct, foreseeable, and legal result of this discrimination because of her sex/gender, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

27. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

28. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

29. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of

her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (For Age Discrimination in Violation of the Age Discrimination in Employment Act of 1967)

30. Plaintiff Fesko incorporates the allegation set forth in paragraphs 1 through 29, inclusive, as if fully set forth herein.

31. This cause of action is brought pursuant to ADEA to obtain relief for Plaintiff for discriminating against her in the terms, conditions or privileges of her employment because of her age in violation of the ADEA.

32. Fesko was 53 years of age when she was terminated and on information and belief as set forth above was substantially older than shift manager Glave who was transferred to the Red Rock Casino as a shift manager, Kunkel who was transferred to the Red Rock Casino as an assistant shift manager and Lin who was transferred to the Palace Station and given a promotion to a shift manager.

33. As further set forth above, Fesko had an outstanding employment history with no disciplinary actions and had the most experience and seniority of all of the shift managers and assistant shift managers at the Palms with the possible exception of Friend, leading to the reasonable inference that the reason she was not transferred to another Stations property was because of her age.

34. As a direct, foreseeable, and legal result of Defendant's Age Discrimination, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

35. The age discrimination by Defendant was willful and thus Plaintiff should be awarded liquidated damages pursuant *29 USC §626(b)*.

36. As a further direct, foreseeable, and legal result of the Defendant's age

discrimination, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

37. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

38. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

39. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claim and Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Fesko demands judgment against Defendant as follows:

1. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

2. For an award of liquidated damages pursuant *29 USC §626(b)* for Defendant's willful violation of *29 USC §§623(a) and 623(d)*;

3. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiffs' damage in a sum to be shown at the time of trial;

4. For punitive damages;

5. For attorney's fees and costs in an amount determined by the court to be reasonable, pursuant to *29 USC §§216(b)and 626(b)*;

7

6. For pre-judgment interest on all damages; and

7. For any other and further relief that the court considers proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury in this action.

DATED: 12/11/2020       LAW OFFICES OF MICHAEL P. BALABAN


BY: /s/ Michael P. Balaban
    Michael P. Balaban
    LAW OFFICES OF MICHAEL P. BALABAN
    10726 Del Rudini Street
    Las Vegas, NV  89141

# EXHIBIT "A"

# NOTICE OF RIGHT TO SUE

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Diana Fesko
7799 E Houghton Lake Dr.
Houghton Lake, MI 48629

From: Las Vegas Local Office
333 Las Vegas Blvd South
Suite 5550
Las Vegas, NV 89101

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 487-2020-01260
EEOC Representative: Saul Vazquez, Investigator
Telephone No.: (702) 553-4469

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

MICHAEL MENDOZA [digitally signed] FOR
Tamara M. West,
Local Office Director

Enclosures(s)

(Date Mailed)

cc: Jeremy B. Hilsabeck, VP & AGC
STATION CASINOS
1505 S Pavilion Center Dr
Las Vegas, NV 89135